[Crim. No. 1995. First Appellate District, Division One.—December 15, 1937.]

In the Matter of the Application of RALPH COTHRAN for a Writ of Habeas Corpus.

W. E. Foley, John D. Foley and James W. Foley for Petitioner.

Fred L. Thomas, District Attorney, Allan P. Lindsay, Assistant District Attorney, and H. A. Gabriel for Respondent.

THE COURT.—*Habeas corpus.* On June 2, 1937, an information was laid before a Justice of the Peace of San Jose Judicial Township in and for Santa Clara County, charging that petitioner, Ralph Cothran, had threatened to commit an offense against the person of another, to wit, to kill and murder one E. A. Waibel. The proceeding so initiated was afterwards heard on the merits by said justice and he found that there was reason to fear the commission of such offense. Thereupon he ordered that petitioner enter into an undertaking in the sum of $2,000 to keep the peace toward the people of the state and particularly toward the said E. A. Waibel. Petitioner failed to give such undertaking, and on June 10, 1937, a commitment was issued by said justice committing petitioner to the county jail of said county "until he gives such undertaking". All of the foregoing proceedings were had under the authority of part II, title 1, chapter 3, of the Penal Code (secs. 701–707).

During the succeeding four months petitioner instituted three separate proceedings in *habeas corpus* before the superior court in and for said county, and each proceeding was heard before a different judge and decided adversely to petitioner. The last of such proceedings was determined on October 11, 1937; and later on, at the end of said month, petitioner applied to this court for a writ of *habeas corpus.* The writ was issued and a hearing was had on the merits, at which time the parties requested and were granted permission to submit additional briefs. ▓ The final brief was filed herein on November 27, 1937; but on December 11, 1937, the sheriff of said county filed herein a supplemental return certifying that petitioner was no longer in his custody; that on the preceding day, to wit, on December 10, 1937, he had been discharged from the county jail. Obviously, therefore, all questions involved in the present proceeding became moot, and it follows that the proceeding must be dismissed.

However, at the hearing on the merits, the facts adduced showed without contradiction that none of the alleged unlawful acts committed by petitioner took place in San Jose judicial township; that the entire transaction constituting the basis of the charge happened in Redwood judicial township in said county. For that reason petitioner contended, as one of the several grounds urged for his release, that the Justice of the Peace of San Jose Township was without jurisdiction to hear or determine said proceeding. Furthermore, section 706 of said code provides that any undertaking which shall be given pursuant to the order of the magistrate is valid and binding for six months ."and may, upon the renewal of the information, be extended for a longer period, or a new undertaking may be required". Therefore, in view of the foregoing situation, it is ordered that the present proceeding be dismissed without prejudice, so as to afford petitioner an opportunity hereafter to apply to this court for an appropriate remedy to have said question of jurisdiction determined, in the event an application be made to said Justice of the Peace of San Jose Township for a continuation or renewal of the proceeding heretofore instituted before him.